**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re COMVERSE TECHNOLOGY, INC.
Derivative Litigation.                              **MEMORANDUM & ORDER**

-----------------------------------------------------------X    06-CV-1849 (NGG) (RER)
This Document Relates To:

    ALL ACTIONS.
-----------------------------------------------------------X

**RAMON E. REYES, JR., United States Magistrate Judge:**

    This case arises out of the recent allegations that Kobi Alexander, William F. Sorin, and David Kreinberg (the "Executive Defendants"), all of whom are former executives of Comverse Technology, Inc. ("Comverse"), as well as others, engaged in an illicit scheme to backdate stock option grants to the company's top directors, officers, and employees in violation of federal and state law. Several plaintiffs have filed shareholder derivative and private securities actions pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331. The Court has separately consolidated those actions and has referred them to me to handle all pretrial matters by way of decision or report and recommendation.

    Currently before the Court is the motion of proposed derivative lead plaintiff Frank Capovilla ("Capovilla") for a preliminary injunction and for limited expedited discovery.[1] Capovilla seeks an order restraining the Executive Defendants from "transferring, investing or disposing of the profits obtained from defendants' sale of Comverse stock since 1998" and creating a constructive trust over any assets the defendants may have obtained using such profits.

---

[1] Following a hearing on August 18, 2006, Capovilla's motion for a temporary restraining order was denied by the Honorable Nicholas G. Garaufis.

*See* Docket 50 at p. 1, No. 06-CV-2015.[2] Capovilla also seeks an order permitting expedited limited discovery from defendants consisting of "all documents identifying the location of any proceeds received by [them] from the sale of Comverse [] stock between January 1, 1998 and the present and all documents identifying any assets derived from such profits . . ." Proposed Order Permitting Limited Expedited Discovery, at 1.[3] On August 18, 2006, I issued an order directing the parties to submit letter briefs on the issue of whether the Court should entertain Capovilla's motion before or after the pending motions for appointment of lead plaintiff and lead counsel are decided. Upon review of the parties' letter briefs, I have decided that Capovilla's motions will be heard, if at all, *after* the pending motions for appointment of lead plaintiff and lead counsel are decided. I write this memorandum and order to explain my reasoning.

At the outset, I reject the Executive Defendants' argument that *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) divests the Court of jurisdiction to grant Capovilla's motion for a preliminary injunction. *Grupo Mexicano* involved a breach of contract action for money damages where the district court granted an unsecured creditor's motion from a preliminary injunction seizing the general assets of the debtor. *Id.* at 311-13. The Supreme Court reversed, holding that "the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." *Id.* at 333. In so holding, however, the

---

[2] In light of the fact that Comverse has frozen all stock options issued to the defendants, Capovilla has withdrawn its request for an order restraining defendants from exercising or selling any Comverse equities.

[3] Capovilla has withdrawn his request for the depositions of the defendants or the person at Comverse most knowledgeable about the issuance of the questioned stock options "at this time." *See* 8/20/06 Letter from Harry H. Wise to the Court, at 3 n.3.

Court made a critical distinction between general, unsecured creditors and those possessing equitable interests in the property at issue. *Id.* at 324-26; *see also Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs. of Va.*, 144 F. Supp. 2d 241, 249 (S.D.N.Y. 2001). "Indeed, courts since *Group Mexicano* have consistently found that where plaintiffs seek both equitable and legal relief in relation to specific funds, a court retains its equitable power to freeze assets." *Quantum Corp. Funding, Ltd.*, 144 F. Supp. 2d at 250 n.9 (citing *United Stats ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 494-98 (4th Cir. 1999)); *see also, e.g., Wishnatzki & Nathel, Inc. v. H.P. Island-Wide, Inc.*, No. 00-CV-8051 (JSM), 2000 WL 1610790, * 1 (S.D.N.Y. Oct. 27, 2000) (citing *Republic of Philippines v. Marcos*, 806 F.2d 344, 356 (2d Cir. 1986)); *Fairview Mach. & Tool Co. V. Oakbrook Int'l, Inc.*, 77 F. Supp. 2d 199, 202-04 (D. Mass. 1999). Here, Capovilla and the other derivative plaintiffs have asserted claims for unjust enrichment seeking disgorgement of all profits, benefits and other compensation obtained by the Executive Derendants from their wrongful conduct and breaches of fiduciary duties. Such claims are equitable in nature, and therefore an injunction seizing the Executive Defendants' assets derived from their alleged wrongful conduct may be proper. Nevertheless, I believe it is inappropriate to consider Capovilla's motion at this time.

Capovilla argues that his motion for a preliminary injunction "should be ruled upon as soon as possible regardless of the status of the pending motions for appointment of lead plaintiff and lead counsel" given (1) the extent of the purported loss to Comverse and its shareholders, (2) that Alexander has fled the United States with "over $57 million of his ill-gotten funds," and, (3) "those who currently control Comverse have not taken (and will not take absent active prodding) sufficient steps to protect Comverse from the Executive Defendants or to insure

Comverse has the ability to collect against the Executive Defendants [in the event of] a successful judgment . . ." I disagree for at least three reasons.

First, since Capovilla filed his motion Comverse has terminated all employment agreements with the Executive Defendants and revoked their "vested and unvested unexercised options, restricted stock, and other equity compensation and announced that [it] will pursue its rights and remedies against those individuals." 8/29/06 Letter from Daniel J. Horowitz to the Court, at 3 n.4. Thus, Comverse has clearly taken steps to protect the company from further harm, whether because of Capovilla's "active prodding" or otherwise. In addition, although Alexander has fled the United States, in a related action the United States Attorney's Office has frozen $45 million worth of Alexander's bank accounts in the United States. Neither of the other two Executive Defendants have fled the United States, and there have been no allegations that they are dissipating their assets to frustrate the plaintiffs' abilities to collect on a possible judgment.[4]

Second, although Capovilla is the only derivative plaintiff to seek a preliminary injunction to date, the other derivative plaintiffs have indicated that there is "a legitimate rationale" for the motion, 8/22/06 Letter from Lawrence P. Kolker to the Court, at 1, and the requested relief may be appropriate at some point, just not now, 8/29/06 Letter from Gerald H. Silk to the Court, at 1. All the other derivative plaintiffs have urged the Court to refrain from deciding Capovilla's motion until after the competing motions for appointment of lead plaintiff

---

[4] The Executive Defendants are advised that the Court will not look kindly upon the dissipation of their assets during the pendency of this action.

and lead counsel are decided. Thus, there is a distinct possibility that at some point in time the Court will be called upon to issue an injunction similar to that which Capovilla requests.

Third, as derivative plaintiff Louisiana Municipal Police Employees' Retirement System points out, Capovilla not only failed to consult with the other derivative plaintiffs prior to filing the motion for preliminary injunctive relief, but waited over four months after filing his complaint to do so. 8/29/06 Letter from Gerald H. Silk to the Court, at 2. Although Capovilla's complaint includes a prayer for "injunctive relief as permitted by law . . .," a four-month delay in seeking specific preliminary injunctive relief is hardly indicative of an imminent threat of irreparable harm. *See generally Citibank, N.A. v. Citytrust*, 756 F.2d 253, 277(2d Cir. 1985) ("[Plaintiff's] failure to act sooner 'undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief.'" (quoting *Le Sportsac, Inc. v. Dockside Research, Inc.,* 478 F. Supp. 602, 609 (S.D.N.Y.1979))).

Accordingly, there does not appear to be an urgent need to decide Capovilla's motion before the appointment of lead plaintiff and lead counsel.

## Conclusion

For the foregoing reasons, the Court will entertain Capovilla's motion for a preliminary injunction and for expedited limited discovery after the pending motions for lead plaintiff and lead counsel are decided. If Capovilla and his counsel are selected to lead the derivative litigation, the Executive Defendants and Comverse will have one week from the date of the Court's decision in which to submit papers in opposition to Capovilla's motion, and Capovilla will have one week thereafter in which to submit a reply. If, on the other hand, another lead plaintiff and lead counsel are selected, that plaintiff will have one week in which to inform the

Court and the parties whether it will proceed with Capovilla's motion (including the submission of any supplemental papers in support of the motion); thereafter, the Executive Defendants and Comverse will have one week in which to submit papers in opposition to the motion, and the selected lead plaintiff will have one week in which to submit a reply.  The Court will inform the parties whether a hearing on the motion will be held.

Dated: Brooklyn, New York
       August 31, 2006

                                                    /s/
                                        RAMON E. REYES, JR.
                                        United States Magistrate Judge