UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In Re COMVERSE TECHNOLOGY, INC.
DERIVATIVE LITIGATION

MEMORANDUM AND ORDER

06-CV-1849 (NGG) (RER)

------------------------------------------------------X
GARAUFIS, United States District Judge.

By Memorandum and Order dated November 3, 2006 ("Judge Reyes's Order" or "Order"), Magistrate Judge Ramon E. Reyes denied nominal defendant Comverse Technology, Inc.'s ("Comverse") motion to stay this shareholder derivative action during the pendency of a similar shareholder derivative action pending in New York State court, under the abstention doctrine addressed in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). The Order concluded that (1) the court could not stay the action under Colorado River because the instant action is not parallel to the pending state action, and (2) even if the actions were parallel, the Colorado River factors weigh heavily in favor of this court retaining jurisdiction. Comverse objects to both of these conclusions. For the reasons set forth below, Comverse's objections are overruled.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may reconsider Judge Reyes's Order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See also Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") "An order is clearly erroneous only when the reviewing court, based on the entire evidence, is left with the definite and firm conviction that a

1

mistake has been committed, and an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Equal Employment Opportunity Commission v. First Wireless Group, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (internal quotation marks and brackets omitted).

## II. Discussion

### A. Existence of a Parallel Action Pending in State Court

Although Comverse does not contest the Order's conclusion that Colorado River abstention applies only when there is a parallel action pending in state court, Comverse strenuously objects to the Order's finding that the instant action and state court shareholder's derivative action are not parallel.

On numerous occasions, the Second Circuit and courts within the Second Circuit have held that Colorado River abstention is inappropriate because the federal cause of action included a claim over which federal courts have exclusive jurisdiction. See, e.g., Finkielstain v. Seidel, 857 F.2d 893, 896 (2d Cir. 1998); SST Global Tech., LLC v. Chapman, 270 F. Supp. 2d 444, 463-64 (S.D.N.Y. 1993) ("Numerous cases have held that, because federal jurisdiction over securities claims is exclusive, abstention with regard to an action involving federal securities claims is inappropriate, including the specific instance where a claim under § 10(b) is made."). In doing so, the Second Circuit has used language suggesting that there is a categorical rule precluding abstention from a claim over which federal courts have exclusive jurisdiction. See Andrea Theatres, Inc. v. Theatre Confections, Inc., 787 F.2d 59 (2d Cir. 1986) ("Indeed, abstention is clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts."); Levy v. Lewis, 635 F.2d 960, 967 (2d Cir. 1980) (Plaintiff's "second

2

claim—that of a breach of fiduciary duties—is one which carries with it exclusive federal jurisdiction. This factor makes abstention as to that claim inappropriate. . . . Where exclusive jurisdiction exists, only the federal courts can provide affirmative relief."). Although it is often not entirely clear whether courts reaching this outcome base their decision on a determination that the federal and state cases are not parallel—as opposed to a mere finding that the discretionary factors weigh against abstention—there is precedent for the proposition that such actions are not parallel. See, e.g., Fields v. Allied Capital Corp., No. 89-cv-5679, 1990 WL 128908, at *2 (S.D.N.Y. Aug. 28, 1990) (Colorado River abstention "can apply only if the federal and state courts have concurrent jurisdiction over the claims asserted. Where, as in this case, a plaintiff brings claims under the Securities Exchange Act of 1934, there can be no concurrent jurisdiction.") (internal citation omitted).

In any event, Comverse argues that these cases and others cited on pages 5 and 6 of the Order are distinguishable because none of these courts confronted the situation presented here: "where the federal claims (in addition to the state claims) cannot go forward absent a threshold ruling based on an analysis of state law that the derivative plaintiff (rather than the company itself) has standing to prosecute the claims." (Comverse's Objections to the Magistrate Judge's Memorandum and Order ("Comverse Obj.") at 10.) Comverse argues that no court has confronted the question of whether, for purposes of Colorado River abstention, a federal action which involves exclusively federal claims can be parallel to a state action involving similar claims and parties where both the state and federal courts are considering a defense that arises under state law and has the potential to dispose of both the state and federal actions. (Id.) The Derivative Plaintiffs do not challenge Comverse's assertion that if Comverse prevails on the

3

demand futility issue, which arises under New York State law, Plaintiffs' federal claims are barred. (See Plaintiffs' Memorandum of Law in Opposition to Nominal Defendant Comverse Technology, Inc.'s Objections ("Pl. Opp.") at 11 ("New York State law on demand futility may first need to be applied to [Derivative Plaintiff's] claims. . . ."); see also Order at 7 ("[I]t is true that New York State law on demand futility must be applied to the federal securities claims. . . .").)

Comverse points to One Up, Inc. v. Webcraft Technologies, Inc., No. 87 C 3041, 1989 WL 118725 (N.D. Ill. Sept. 22, 1989), for the proposition that, in at least some cases, an exclusively federal cause of action is parallel to a pending state action. One-Up was a patent infringement case in which the plaintiff alleged that the defendant infringed its patent. The defendant sought to join as a third-party plaintiff an entity that had alleged in a state court proceeding that it owned the patent at issue. The third-party plaintiff was joined and asserted a patent infringement cross-claim against the underlying plaintiff, claiming that it was the rightful owner of the patent at issue. The district court, pursuant to Colorado River, stayed the third-party plaintiff's patent infringement cross-claim—over which federal courts have exclusive jurisdiction—in deference to a pending state action involving similar issues. Id. at *3-6. The court found that, although the cross-claim was styled as a patent claim, the real issue presented by the cross-claim was one under state law—whether a patent had been assigned. Id. at *2-3. The cross-claim did not raise the validity of the patent, which would arise under federal law. Id. at *5 ("[A]s [third-party plaintiff] does not dispute the validity of the [ ] patent, federal law most likely will not provide the rule of decision in the state court proceeding.") The One Up court, however, retained jurisdiction over the underlying patent infringement claim, guaranteeing that

4

the federal court would dispose of the federal patent law questions.

The instant state and federal actions are distinguishable from those in One Up because in One Up the cross-claim that was stayed did not actually seek to dispose of any federal questions concerning the validity of the patent, and the One Up court retained jurisdiction over the claims that would dispose of the federal questions. In other words, the One Up court's decision to abstain from hearing the patent cross-claim in no way prevented the federal court from disposing of the disputed issues that arose under federal law. In this case, however, the elements of the federal law claim appear to be as contested as the demand futility issue, and staying the instant claim would mean that no court would pass upon the elements of the Derivative Plaintiffs' federal claim.

Nor is One-Up inconsistent with my reading of the Order. I do not read the Order to conclude that a pending state action can never be parallel to an exclusively federal cause of action pending in federal court. I read the Order to find only that the *instant* state and federal actions are not parallel. As a result, I need not reach the question of whether, in some circumstances, a federal case involving claims over which federal courts have exclusive jurisdiction can be parallel to a state case involving similar claims and parties. Comverse may be right that Second Circuit case law permits a finding such cases are parallel in some circumstances.

Nor does this court need to reach the question of whether One-Up is consistent with Second Circuit case law. One-Up was essentially a case where the elements of the federal cross-claim were not in dispute and the only dispute was over issues that arose under state law. In such a case, it may be possible to read Second Circuit case law to permit a finding that the

actions are parallel. In any event, I find that Judge Reyes's determination that the instant action and the pending state action are not parallel is neither clearly erroneous nor contrary to law.

## B. **Colorado River Factors**

Even if the instant and state actions were parallel, Judge Reyes's determination that the Colorado River factors weighed strongly against abstention is not clearly erroneous. Comverse asserts that the following factors weigh in favor of abstention: avoidance of piecemeal litigation; whether state or federal law supplies the rule of decision; and whether the state court proceeding will adequately protect the rights of the Derivative Plaintiffs. (Comverse Obj. at 13-16.)

With respect to avoidance of piecemeal litigation, Comverse asserts that abstaining will avoid inconsistent and contradictory determinations on the demand futility issue. (Comverse Obj. at 14-15.) Judge Reyes concluded that this factor was the only one that potentially weighed in favor of abstention. (Order at 10.) I find no error in this conclusion, nor do I believe it weighs strongly in favor of abstention. Delaying the adjudication of claims over which federal courts have exclusive federal jurisdiction so one potentially dispositive defense under state law can be adjudicated in state court is just as likely, if not more so, to unnecessarily delay the orderly disposition of Derivative Plaintiffs' federal securities claims as it is to reduce the time and cost of resolving the Derivative Plaintiffs' stock option backdating claims. There will undoubtedly be many instances in which a state court will consider a defense that is dispositive of a claim pending in federal court. The mere existence of such a scenario, in and of itself, does not justify Colorado River abstention.

Judge Reyes correctly concluded that federal law will supply the rule of decision for the elements of the exclusively federal claims but that the demand futility issue will be determined

under New York State law. (See Order at 7, 11.) Comverse takes issue with the "Order's suggestion that the New York demand futility issues are somehow insufficiently 'complex, unique, or unsettled' to support a stay[.]" (Comverse Obj. at 15 (quoting Order at 11).) In doing so, Comverse relies upon Clark v. Lacy, 376 F.3d 682, 687-88 (7th Cir. 2004). In Clark, the Seventh Circuit affirmed the district court's decision to abstain in deference to a parallel securities action in state court, in part because "[i]n this case, it makes more sense to allow a New York state court to resolve whether under New York law pre-suit demand was excused and whether a claim for breach of fiduciary duty has been stated against defendants." Id. at 688. Judge Reyes correctly concluded that Clark is distinguishable because it did not involve causes of action over which federal courts have exclusive jurisdiction. See id. at 686 ("[N]o meaningful distinction can be made between the Clark [federal] and Brewster [state] lawsuits.").

Further, I agree with Judge Reyes's suggestion that this factor might favor abstention if the demand futility issue was particularly complex or novel. (See Order at 11.) Had Comverse made a showing that there was a high likelihood that the demand futility issue would have disposed of the instant litigation, or was otherwise particularly complex or novel, there would have been a stronger basis for staying this action pending the state court's determination of the demand futility issue. This action involves application of state and federal law and, in the absence of any indication that the state law issues are novel or particularly complex, this factor weighs against abstention. Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 (1983) ("Although in some rare circumstances the presence of state-law issues may weigh in favor of [abstention] . . . the presence of federal-law issues must always be a major consideration weighing against [abstention].").

7

Similarly, Judge Reyes's conclusion that the state action, which cannot adjudicate the exclusively federal claims at issue in this case, will not adequately protect the Derivative Plaintiffs' rights is supported by substantial precedent and in no way contrary to law. See Linens of Europe, Inc. v. Best Mfg., Inc., No. 03 Civ. 9612 (GEL), 2004 WL 2071689, at *7 (S.D.N.Y. Sept. 16, 2004) (where federal action includes claims over which federal court has exclusive jurisdiction, "the Court cannot conclude that the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction") (internal quotation marks omitted); McConnell v. Costigan, No. 00 Civ. 4598 (SAS), 2000 WL 1716273, at *7 (S.D.N.Y. Nov. 16, 2000) ("The State Suit cannot adequately protect plaintiffs' rights because the federal courts have exclusive jurisdiction over plaintiffs' ERISA claim."); Merrill Lynch v. Young, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *4 (S.D.N.Y. March 15, 1994) ("[B]ecause the state case does not 'embrace' all of the issues asserted in the federal litigation, the state forum is not necessarily adequate to protect plaintiffs' rights."). In short, Judge Reyes acted well within his discretion in concluding that the Colorado River factors counseled against abstention.

### III. Conclusion

Accordingly, Comverse's objections to Judge Reyes's Order are overruled.

SO ORDERED.

Dated: September 12, 2007
Brooklyn, N.Y.

/signed/
Nicholas G. Garaufis
United States District Judge